UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AF HOLDINGS, LLC., <br><br>              Plaintiff, <br><br>v. <br><br>JOHN DOE, <br><br>              Defendant. | No. 12-CV-1840-AJB (WVG) <br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO TAKE EXPEDITED DISCOVERY** <br><br>[DOC. NO. 3] |

      Pending before the Court is Plaintiff AF Holdings, LLC's ("Plaintiff") *Ex Parte* Application for Leave to Take Expedited Discovery. (Doc. No. 3.) For the reasons stated below, Plaintiff's *Ex Parte* Application is DENIED without prejudice.

**I. BACKGROUND**

      On July 26, 2012, Plaintiff filed a Complaint against John Doe ("Defendant"), alleging direct and contributory copyright infringement, and negligence. (Doc. No. 1.) Plaintiff purports to hold the rights to the copyrighted work at issue in this action, a video entitled "Sexual Obsession." Id. at 2. Plaintiff alleges that the video was copied and distributed by Defendant through use of the BitTorrent protocol.[1] Id. at 1.

      On August 3, 2012, Plaintiff submitted an *Ex Parte* Application to this Court, requesting leave to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") in order

---

[1] BitTorrent is a modern file sharing method used for distributing data via the Internet. (Doc. No. 1 at 3.)

to obtain the true identity and contact information of the Doe Defendant. (Doc. No. 3 at 1.) Plaintiff seeks to obtain the true name, address, telephone number, and e-mail address that corresponds to Defendant's IP address. Id. at 7. Plaintiff claims that expedited discovery is necessary because, without the identifying information Plaintiff seeks, it cannot name Defendant in the Complaint or serve him or her with process. Id. at 4. Plaintiff notes that, because the action cannot progress without Defendant's identifying information, "Plaintiff's need for the information is substantial." Id.

## II. LEGAL STANDARD

Generally, a party may not initiate discovery before the parties have satisfied the meet and confer requirement of Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). A court may grant a request to take discovery prior to the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause. See Semitool, Inc. v. Tokyo Electon Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); U.S. v. Distribuidora Batiz CGH, S.A. DE C.V., 2009 WL 2487971, at 10 (S.D. Cal. 2009). A balancing test is used to determine the presence of good cause. See Semitool, 208 F.R.D. at 267-268. "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276.

Good cause is often found by courts in Internet infringement cases where the party seeking expedited discovery of a Doe defendant's identity establishes the following:

    1.    A prima facie case of infringement;

    2.    There is no other way to identify the Doe defendant; and,

    3.    There is a risk that the ISP will destroy its logs prior to the Rule 26(f) conference.

See UMG Recordings, Inc. v. Doe, 2008 WL 4104214, at 4 (N.D. Cal. 2008). In UMG Recordings, the court explained,

> [I]n considering "the administration of justice," early discovery avoids ongoing, continuous harm to the infringed party and there is no other way to advance the litigation. As for the defendant, there is no prejudice where the discovery request is narrowly tailored to only seek their identity.

Id. (citations omitted).

The Ninth Circuit has held that when the defendants' identities are unknown, courts may grant leave for plaintiffs to take expedited discovery in order to determine the defendants' identities "unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

Judges in this district, including this Judge, have found that Doe defendants must be identified by the plaintiffs with sufficient specificity by providing both the unique IP addresses, and the alleged physical point of origin assigned to each IP address, on the day of the purported infringement. See Malibu Media, LLC v. John Does 1 through 5, No. 12-CV-1354-LAB-WVG, ECF No. 5, at 4 (S.D. Cal. July 9, 2012) (opinion by Judge Gallo); Malibu Media, LLC v. John Does 1 through 27, No. 12-CV-1356-CAB-WVG, ECF No. 5, at 4 (S.D. Cal. July 10, 2012) (opinion by Judge Gallo); 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash, No. 12-CV-0186-MMA-RBB, ECF No. 7, at 8 (S.D. Cal. May 4, 2012) (opinion by Judge Brooks); Malibu Media, LLC v. John Does 1-12, No. 12-CV-1059-MMA-BGS, ECF No. 8, at 4 (S.D. Cal. June 12, 2012) (opinion by Judge Skomal).  These courts have determined that the requested expedited discovery may be granted if the alleged physical point of origin is within this Court's judicial district, however, if it is outside the Court's judicial district, the complaint may be dismissed for lack of jurisdiction and therefore expedited discovery will not be granted for that individual IP address. Malibu Media, LLC, No. 12-CV-1354-LAB-WVG, ECF No. 5, at 3-4; Malibu Media, LLC, No. 12-CV-1356-CAB-WVG, ECF No. 5, at 3-4; 808 Holdings, LLC, No. 12-CV-0186-MMA-RBB, ECF No. 7, at 10-13; Malibu Media, LLC, No. 12-CV-1059-MMA-BGS, ECF No. 8, at 6.

### III. DISCUSSION

This Court has reviewed the allegations in the Complaint and finds Plaintiff's conclusory assertion that venue is proper to be insufficient to allege that Defendant's IP address is located within this Court's jurisdiction.[2] (Doc. No. 1 at 3.) Following this Court's reasoning in prior cases, and the reasoning of other Judges in this district, the Court finds that Plaintiff must provide more than a mere

---

[2] Plaintiff asserts in its Complaint, "Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District." (Doc. No. 1 at 3.)

1  assertion within the Complaint that Defendant's IP address is located within this district. Plaintiff has
2  failed to attach an Exhibit showing the date, time, and location of the alleged infringing activity.
3  Further, the Declaration of Peter Hansmeier, attached to the *Ex Parte* Application, is silent as to the
4  use of geolocation technology, and any other tactics used to trace Defendant's IP address to a point
5  of original within this district. (See Doc. No. 3-1.)  Therefore, Plaintiff's *Ex Parte* Application is
6  denied without prejudice.

7  IT IS SO ORDERED.

8  DATED:  August 21, 2012

Hon. William V. Gallo
U.S. Magistrate Judge